# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRANDON RUDD, | 1:07-cv-01073-DLB (HC) |
| Petitioner, | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; ORDER DIRECTING CLERK OF COURT TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS, WITHOUT PREJUDICE |
| v. | |
| DENNIS SMITH, | [Doc. 7] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 636(c)(1), the parties have consented to the jurisdiction of the United States Magistrate Judge.

### BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on July 26, 2007. (Court Doc. 1.) On October 16, 2007, Respondent filed a motion to dismiss the petition. However, on October 19, 2007, the Court issued an order to respond to the petition. (Court Doc. 8.) On October 24, 2007, Respondent filed a request for clarification of the Court's October 19, 2007, order. (Court Doc. 12.) Respondent is correct, the Court's order of October 19, 2007, is hereby vacated as it was inadvertently issued in this case, as Petitioner is proceeding under § 2241, not § 2254. Consequently, the Court accepts Respondent's motion to dismiss as a proper response to the instant petition. Petitioner has not filed an opposition to Respondent's motion.

///

DISCUSSION

The instant petition challenges the validity of Sections 570.20 and 570.21 of Title 28 of the Code of Federal Regulations, which limit the amount of time prisoners can spend in Residential Re-entry Centers ("RRC") at the end of their period of incarceration. As Respondent points out, this Court has, in many similar cases, agreed with the Petitioner and ordered the Bureau of Prisons ("BOP") to evaluate the petitioner for placement in an RRC without the constraints of the two challenged sections. In those cases, the Court has generally given Respondent a period of time ranging from 14 days to 90 days to evaluate the petitioner given the circumstances of the individual case. Respondent states that in the instant case, however, Petitioner is not due to be released until January 31, 2014, even if he is given credit for all possible good time. (Exhibit 1, attached to Motion.) Therefore, Respondent argues that the petition is premature, not ripe for adjudication, and should be dismissed without prejudice to re-filing at a time closer to Petitioner's release date. As discussed infra, the Court agrees.

Petitioner also challenges another BOP regulation about RRC placements, Program Statement 7310.04, Community Correction Center (CCC) Utilization and Transfer Procedure, (12-16-1998). (Exhibit 2, attached to Motion.) Program Statement 7310.04 states: "A final and specific release preparation plan, including a decision as to CCC referral, is normally established at a team meeting no later than 11 to 13 months before an inmate's projected release date." Id.

As Respondent submits, this issue has been addressed in several district court cases, as illustrated in Sanders v. Sanders, 2006 WL 751281 (E.D. Ark., 2006). There, the court noted that although circuit precedent had invalidated the use of 28 C.F.R. § 570.20-21, the petition was moot because the prisoner had no right to be considered for RRC placement until 11 months before his good time release date, of which he had obtained. Id. at *1-2, 4. The Court dismissed the petition without prejudice to later re-filing. Id. at *4. Several other courts have reached the same conclusion. McFadden v. Morrison, 2006 WL 2583417 (D. Minn., 2006); Rivera v. Willingham, 2006 WL 2038359 (D. Conn., 2006); Fisher v. Morrison, 2006 WL 1716135 (D. Minn., 2006); Allen v. BOP, 2006 WL 20527 (D. N.J., 2006).

In addition, this Court has previously reached the same conclusion. See Patron v. Smith,

Slip Copy, 2007 WL 1888796 (E.D. Cal. 2007); Vaughn v. Smith, Slip Copy, 2007 WL 1888807 (E.D. Cal. 2007); Bun v. Smith, Slip Copy, 2007 WL 1795767 (E. D. Cal. 2007); Hardin v. Smith, Slip Copy, 2007 WL 1747103 (E. D. Cal. 2007). Specifically, in Vaughn, 2007 WL 1888796 at *4, the Court reasoned that the program statement "only requires that BOP make an RRC placement at least eleven to thirteen months prior to the inmate's release. Nothing in the Program Statement prevents the BOP, in the exercise of its statutory discretion, from making an earlier determination. Id. (emphasis in original.) The court thereby concluded:

> Because the Program Statement does not limit or otherwise intrude on the BOP's exercise of discretion in making its RRC assessment, the Program Statement, contrary to petitioner's assertions, is not in any way analogous to the 2002 and 2005 regulations that many courts, including this one, have found to be an illegal limitation on the discretion vested in the BOP by § 3621(b).

Id. Because the program statement does not contradict § 3621(b), and there is no authority to support the finding that the BOP must conduct its RRC eligibility reviews or immediately transfer a prison to an RRC facility on demand of the prisoner, the court held the petition was premature. Id. (emphasis in original.) Id.

Article III of the Constitution limits this courts power to deciding "cases" and "controversies." A petitioner does not have Article III standing if he has not suffered an "injury in fact." To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen v. Wright, 468 U.S. 737, 751 (1984). The injury must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent,'" not conjectural or hypothetical. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1982) (citations omitted).

The Court agrees with Respondent that the instant petition is not ripe, and Petitioner therefore lacks standing under Article III. Here, because under 7310.04, the BOP does not have to evaluate an inmate for RRC placement until 11 months before the projected release date, the challenged regulations have not been applied to Petitioner, whose release date is still over 6 years away. The petition must be dismissed without prejudice to re-filing when Petitioner is within the

appropriate eleven month time frame.[1]

ORDER

Based on the foregoing, it is HEREBY ORDERED that:

1. Respondent's motion to dismiss the instant petition, without prejudice, as premature is GRANTED; and

2. The instant petition for writ of habeas corpus is DISMISSED, without prejudice.

IT IS SO ORDERED.

Dated:   **December 20, 2007**              /s/ **Dennis L. Beck**
                                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] As Respondent submits, "[i]n all likelihood, petitioner will receive an evaluation of that type while he still has at least 11 months to go before his good conduct release date. If he does, there will be no need for Court intervention. If he does not, he can then file a petition that will meet the Constitutional ripeness requirement." (Motion, at 5.)